(No. 26003.—

MARTIN P. DURKIN, Director of Labor, Appellee, *vs.*
CLEMENT HEY *et al.* Appellants.

*Opinion filed April 10, 1941.*

J. J. Ludens, for appellants.

George F. Barrett, Attorney General, (Joe A. Pearce, and Frederick Zazove, of counsel,) for appellee.

Mr. Justice Smith delivered the opinion of the court:

This is an appeal from an order of the circuit court of Whiteside county denying a motion of appellants to vacate a prior order of the court requiring them to produce and submit to the inspection of appellee their general ledger and

other records. Appellants are engaged in the milk products business in the city of Sterling in Whiteside county.

The proceeding was instituted under section 12 of the Unemployment Compensation act. (Ill. Rev. Stat. 1939, chap. 48, par. 228.) The petition was filed by appellee in the circuit court of Whiteside county on September 13, 1940. Copies of the petition, with notice that it would be presented to the court on a day named in the notice, and an order in conformity therewith would be asked, were sent by appellee to appellants by registered mail. On October 9, 1940, the day named in the notice on which the petition would be presented to the court, appellants filed their limited appearance objecting to the jurisdiction of the court because they had not been served with a summons. The record shows that on October 9, 1940, the cause was heard by the court on the petition, the limited appearance of the defendants for the purpose only of objecting to the jurisdiction of the court to proceed further, the arguments of counsel and that it was taken under advisement.

On October 10, 1940, the court entered an order in which it found that due notice had been given the defendants, and overruled their objections to the jurisdiction of the court. By that order, the court made findings substantially in accordance with the allegations of the petition. It was found by the court that it was appellee's duty under the act to ascertain the identity of each employing unit and determine whether it is liable to make payments thereunder; that appellants are doing business in this State; that appellee has instituted an inquiry to determine their liability; found the necessity of inspecting their books and records, specifically the general ledger, and appellants' refusal to submit the general ledger to inspection after demand. The order required appellants to produce at the court room in the city hall at the city of Sterling, the general ledger and all other books and records showing in full and complete detail the number of persons rendering ser-

vices in the business from July 11, 1937, to June 30, 1939; their names, duration of service and the wages paid or payable to each of them, and then and there to submit such records to the inspection of Robert H. Meeske or any other authorized representative of appellee at any time he may elect within twenty days from the date of the order, upon written notice by mail from appellee.

On October 15, 1940, appellants filed their motion to vacate the order entered on October 10, 1940. On October 17, 1940, appellants, by their attorney of record, entered their general appearance in writing. By their motion to vacate the order entered on October 10, 1940, appellants asked that they be allowed to appear in the cause, defend, produce evidence and contest the matters alleged in the petition; they denied the institution of any inquiry by appellee and denied that their general ledger gives any information as to the number of employees or the amount of salaries paid to them; they allege the order was void as infringing the State and Federal constitutional provisions as to unreasonable searches and seizures, and further challenged the constitutionality of the statute for the reason that it was alleged that it contained no provision for a hearing prior to the entry of an order, and, for that reason, violated the due process clause of both the State and Federal constitutions. Other grounds are alleged which need not be noticed here.

The general appearance of appellants in the cause eliminates any question as to jurisdiction of their persons.

At the threshold of the inquiry we are met with appellee's motion to dismiss the appeal on the ground that the order appealed from is interlocutory and that this court has no jurisdiction under the provisions of sections 77 and 78 of the Civil Practice act (Ill. Rev. Stat. 1939, chap. 110, pars. 201, 202) or under rule No. 31 of this court. (370 Ill. 31.) The motion was taken with the case. It is fundamental that the right to appeal is strictly statutory. Sec-

tion 77 of the Civil Practice act provides only for appeals from final judgments, orders, or decrees. Section 78 embraces only appeals to the Appellate Court from interlocutory orders in injunction and receivership proceedings. Further provisions relating to proceedings in the Appellate Court follow in the above rule. This rule is merely supplementary to section 78 of the Civil Practice act and does not in any way expand or alter the provisions of section 77, nor was it so intended.

The Unemployment Compensation act became effective on July 1, 1937. Section 14 of that act provides, in part, as follows: "Judgments and orders of the circuit court under this act shall be reviewed only by the Supreme Court upon a writ of error which the Supreme Court in its discretion may order to issue, if applied for within thirty days after the rendition of the circuit court judgment or order sought to be reviewed." It is, therefore, apparent that the proper method provided by statute for the review of the orders of the character here involved is by writ of error and not by appeal. Nevertheless, rule No. 28 of this court (370 Ill. 29) provides that "if appeal be improvidently employed where the proper method of review is by writ of error, this alone shall not be a ground for dismissal, but if the issues of the case sufficiently appear in the case on the record before the court of review, the case shall be considered as if the proper method of review had been employed." The notice of appeal was filed on October 19, 1940. We must, therefore, treat the case, if the order in question is a reviewable order, as properly before this court, "even though the statutory method of review has not been employed."

Appellee claims, in his motion to dismiss the appeal, that this was not a final appealable order but merely interlocutory.

In *Ellis* v. *Interstate Commerce Commission*, 237 U. S. 434, 59 L. ed. 1036, where the trial court ordered a wit-

ness to answer questions and produce records in an inquiry by the Interstate Commerce Commission, the United States Supreme Court, on appeal, said: "There is no doubt that this appeal lies. The order is not like one made to a witness before an examiner or on the stand in the course of a proceeding *inter alios* in court. (*Alexander* v. *United States,* 201 U. S. 117, 50 L. ed. 686, 26 Sup. Ct. 356.) It is the end of a proceeding begun against the witness.— *Interstate Commerce Commission* v. *Baird,* 194 U. S. 25, 48 L. ed. 860, 24 Sup. Ct. 563."

In the *Baird case,* cited above, which was also a proceeding for compulsory production of evidence before the Interstate Commerce Commission, the Supreme Court said: "The present proceeding is not merely advisory to the commission, but as was said in *Interstate Commerce Commission* v. *Brimson,* 154 U. S. 447, 38 L. ed. 1047, 14 Sup. Ct. 1125, a judgment rendered will be a final and indisputable basis of action as between the commission and the defendant and furnish a precedent for similar cases. While it has for its object the obtaining of testimony in aid of proceedings before the commission, it is evident that important questions may be involved touching the power of the commission and the constitutional rights and privileges of citizens."

Thus, this class of cases is readily distinguishable from orders to produce documentary evidence in a cause pending in the same court. *Lester* v. *Berkowitz,* 125 Ill. 307, and *Illinois Trust and Savings Bank* v. *Howard,* 185 id. 332, relied upon by appellee, are of the latter class. Preliminary orders in a pending suit are not appealable because they are reviewable on appeal from the final order in the suit. In the case at bar there is no such suit pending. We do not regard the cases relied upon by appellee as controlling here. Under the *Ellis* and the *Baird cases, supra,* our conclusion is that the order is final and appealable. The motion to dismiss the appeal is denied.

Section 12 of the Unemployment Compensation act among other things provides: "Any circuit court of this State, or any judge thereof, upon application of the Director, or deputy, or other representative of the Director, or by any referee or the Board of Review, or any member thereof, may, in its or his discretion, compel the attendance of witnesses, the production of books, of testimony before such person or board by an attachment for contempt or otherwise, in the same manner as production of evidence may be compelled before said court." While there is contained in this statute no definite provision for notice of an application to a circuit court for an order compelling the production of books or documents, it clearly contemplates that any person against whom such an order is applied for shall have notice and an opportunity to be heard. Otherwise, it would clearly violate the due process clause of both the State and Federal constitutions. We must assume that the legislature intended that such orders could only be entered upon due notice and hearing. Unless the act be so construed it cannot stand. That it was so construed by appellee is demonstrated by the fact that such notice was, in fact, given in this case.

In response to the notice given, the appellants entered their limited appearances and challenged the jurisdiction of the court to proceed because it was alleged that they had not been summoned according to law.

When the hearing was entered upon on October 9, 1940, no other pleadings were on file. The only issue then raised or joined was the question of whether the notice served on the defendants named in the petition was sufficient to give the court jurisdiction to proceed, when attacked by a special and limited appearance. The record recites that the hearing was had only on the petition and the objections of the defendants to the jurisdiction. It further recites that the court heard the petition and arguments and sug-

gestions of counsel, and that the cause was taken under advisement on that date. There was no hearing on the merits and no evidence heard. The sole issue joined on the petition was the question of jurisdiction. Yet, on the following day, the order of October 10, 1940, was entered. By that order the court found the facts as stated in the petition. It further found that the court had jurisdiction and overruled the objections to the jurisdiction of the court filed by the defendants. The order then proceeded to grant to petitioner all the relief prayed for in the petition. Clearly, this order was premature. In the state of the record at that time, the court should have limited the order to the decision of the question of jurisdiction, which was all that was properly before the court. When the objections of the defendants to the jurisdiction of the court were overruled by the order of October 10, 1940, the court should have entered a rule on the defendants to plead further to the petition. If the rule to plead had not been complied with, then the defendants could, for the first time, have been defaulted. Instead of giving the defendants an opportunity to make their defense, if any, to the petition, the order was entered as though the defendants were in default. When the objections to the jurisdiction of the court were overruled they were never given an opportunity to plead or make any defense to the merits. Neither the law nor orderly procedure would so penalize a defendant who has unsuccessfully interposed an objection to the jurisdiction of the court.

When the order of October 10 was entered, the only course open for appellants was to file their motion to vacate the order and to be given an opportunity to plead and make their defense to the merits of the petition. This they clearly had the right to do.

The entry of the order of October 10, 1940, granting the relief prayed for in the petition, and the denial of the

motion filed by appellants on October 17, 1940, clearly deprived appellants of any hearing on the petition and of any right to defend or to raise any of the constitutional questions presented. The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. (*People* v. *Niesman,* 356 Ill. 322; *City of Chicago* v. *Cohn,* 326 id. 372; *Simon* v. *Craft,* 182 U. S. 427; *Lent* v. *Tillson,* 140 id. 316.) The guaranty of due process of law requires that every man shall have the protection of .his day in court and the benefit of the general law, a law which hears before it condemns, which proceeds not arbitrarily or capriciously but upon inquiry and renders judgment only after trial, so that every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society. *People* v. *Niesman, supra; Truax* v. *Corrigan,* 257 U. S. 312; *Simon* v. *Craft, supra.*

Inasmuch as the order must be reversed for want of due process of law in denying appellants the right to be heard and defend the action, it is unnecessary to discuss the question of the constitutionality of the statute. It is the established rule of this court that a constitutional question will not be considered if the case can be decided without doing so. *People* v. *Jarecki,* 372 Ill. 208; *People* v. *Adams,* 351 id. 79.

The order of the circuit court denying the motion to vacate the order entered on October 10, 1940, is reversed and the cause is remanded, with directions to sustain the motion of appellants filed on October 17, 1940, and for further proceedings in accordance with the views herein expressed. *Reversed and remanded, with directions.*