**Frank Lorsbach et al., Appellees, v. Hartford Fire Insurance Company and Erna M. Stephens, Appellants.**

**Gen. No. 9,332.**

February term, 1942.                              Opinion filed May 20, 1942.

WILLIAMS & WILLIAMS, of Pittsfield, and SAMUEL LEVIN and MYERS & SNERLY, all of Chicago, for appellants.

WEAVER & JENKINS, of Pittsfield, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Calhoun county granting a motion to strike the petition of Erna M. Stephens which prayed for an order of court directing the plaintiffs and one Carl Gordon to answer questions propounded to them on the taking of depositions in the above entitled cause.

The original action was brought by the appellees against the appellant, Hartford Fire Insurance Company, to recover damages to property of the said appellees under the terms of a fire insurance contract. After the filing of the original complaint the appellant Fire Insurance Company filed a motion to strike certain allegations of the said complaint. With the pleadings in this condition the said appellant elected to take the depositions of the four appellees and one

Carl Gordon. Notices were served of the time and place of the taking of such depositions before Erna M. Stephens, a notary public. The appellant further caused the said notary public to issue subpoenas summoning said witnesses to appear and testify.

The witnesses appeared at the time and place stated and were sworn to testify but each of the witnesses refused to answer certain questions there propounded to them. Thereupon the said Erna M. Stephens filed in this cause in the circuit court of Calhoun county her petition setting out the questions which the witnesses refused to answer and praying that the court enter an order directing the said four appellees, and the said Carl Gordon to attend before her at a time and place to be fixed by the court to answer said questions and such further questions as might be pertinent and material.

The appellees entered their limited appearance and moved to strike the petition from the files which motion on hearing was granted and an order entered striking the said petition. It is apparent from the record and the briefs of counsel that the petition was not heard upon its merits and the appellees contend that the action of the court should be sustained because:

First: The order appealed from is not a final order and the appeal should be dismissed.

It is not claimed by appellees that the appellants had no right to take said depositions nor that the said Erna M. Stephens failed to comply with the preliminary requirements of the Evidence and Depositions Act, sec. 36, ch. 51, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 107.101], in so far as issuing subpoenas or serving notices of the intention to take depositions upon the offending witnesses were concerned. In such a situation the said section 36, provides, as follows: "When any such witness wilfully neglects or refuses to obey any such subpoena, or to testify, or to sub-

scribe his deposition when correctly taken, the commissioner or officer issuing such subpoena, shall at once file a petition or complaint against the offending witness in the Circuit Court of the County in which such deposition is desired to be or has been taken or has been attempted to be taken and shall set forth therein the facts of such wilful refusal or neglect, accompanying the same with a copy of the commission or other authority received by him, together with a copy of the subpoena and the return of service thereof and shall apply for an order requiring such witness to attend and testify, or produce books and papers before such commissioner or officer, or to subscribe his deposition at such time and place as may be specified in such order. Any Circuit Court of this State, or any judge thereof, either in term time or vacation, upon the filing of such petition or complaint and upon due notice to the offending witness, may, in the judicial discretion of such court or such judge, order the attendance of such witness, the production of books and papers, and the giving of testimony, before any such commissioner or officer, and the subscribing of the deposition of the witness.''

The granting of the motion to strike the petition filed by Erna M. Stephens to compel the witnesses to testify did in effect prevent the appellant Fire Insurance Company from taking depositions under the authority granted by Rule 19 of the Supreme Court. It was not a preliminary order in the pending suit but was a final determination of the proceeding brought to compel witnesses to answer questions on the taking of depositions before trial.

In the recent case of *Durkin v. Hey*, 376 Ill. 292, the Supreme Court had under consideration a similar question. In that case a proceeding was instituted under section 12, of the Unemployment Compensation Act, and on the motion of the plaintiff the trial court entered an order requiring the defendants to submit

to inspection their general ledger and other records. The defendants moved to vacate this order, which the court denied, and the defendants prosecuted an appeal from such ruling. The appellees in that case moved to dismiss the appeal on the ground that the order denying the motion to vacate was not a final appealable order but merely interlocutory. The Supreme Court held the order a final and appealable order citing a number of federal cases where like rulings were made. *Ellis v. Interstate Commerce Commission*, 237 U. S. 434; *Interstate Commerce Commission v. Baird*, 194 U. S. 25. In the light of these holdings we believe the granting of the motion to strike the Stephens petition without any hearing on the merits was a final and appealable order.

It is further contended by the appellees that the ruling of the trial court should be sustained because Erna M. Stephens is not a party to the suit and, therefore, has no right to an appeal, and that her petition should have been filed against the offending witnesses in a separate action. They admit that appellants, in the first instance, followed the proper procedure for the taking of depositions, but insist that they did not follow the proper procedure to secure an order of court directing the witnesses to answer the questions propounded.

While this exact question does not appear to have been passed upon by the reviewing courts of this State, the same procedure of filing a petition for a rule upon offending witnesses to show cause in the original action and not in a separate action has been followed. *People ex rel. Metropolitan Casualty Ins. Co. of New York v. Calumet Nat. Bank*, 260 Ill. App. 603; *Pennsylvania Tank Line v. Jordan*, 341 Ill. 94.

Prior to the enactment of section 36 of the Evidence and Depositions Act, heretofore quoted, our courts have held that if a party has a right to take a deposition there must be power in the court to enforce

the right. *Hill v. Thomas B. Jeffery Co.*, 292 Ill. 490; *Schmidt v. Cooper*, 274 Ill. 243.

In the case of *People ex rel. Ickes v. Rushworth,* 294 Ill. 455, it was held that the power to punish for contempt is inherent in every court of justice. The petition in that case was an independent action because the original case was pending in a foreign country. It is significant to notice that the appellant in that case argued that while a court had power to compel the attendance of witnesses before a commissioner appointed by the court which hears the contempt proceeding, such power did not apply to a case where the commissioner was appointed by a foreign court.

We believe that the filing of the petition in this case by Erna M. Stephens, the notary public designated to take the depositions, in the original action, was the proper procedure to be followed under the provisions of said section 36. To require such petition to be filed in an independent suit would impede and delay the power of the court to secure testimony by deposition as provided by our statute. Any other construction of section 36, would deny the right of litigants to have speedy and final determination of the substantive rights of the parties. Courts have inherent power to punish for contempt any acts calculated to obstruct or embarrass the orderly administration of justice. In the present case the petition in question was a separate, ancillary action to the main cause and properly filed therein.

The order of the trial court striking the petition is, therefore reversed and the cause remanded with directions to the circuit court of Calhoun county to hear the petition of Erna M. Stephens, on its merits.

*Reversed and remanded with directions.*