**Emma Galler, Individually, and as Trustee Under a Trust Agreement Dated July 21, 1956, and as Executor of the Last Will and Testament of Benjamin A. Galler, Deceased, Plaintiff-Appellee, v. Isadore A. Galler, et al., Defendants-Appellants.**

Gen. No. 47,880.

First District, Second Division.

February 2, 1960.

Released for publication March 4, 1960.

Crowell and Leibman, of Chicago, for appellants.

Arvey, Hodes, and Mantynband, of Chicago (Louis M. Mantynband, Sidney R. Zatz, and Jack H. Oppenheim, of counsel) for appellee.

JUSTICE KILEY delivered the opinion of the court.

Defendants seek to appeal from an order sustaining plaintiff's objections to questions during her deposition on oral examination by defendants. Plaintiff filed a motion to dismiss the appeal.

Plaintiff filed suit January 20, 1959, for specific performance of a contract regarding the operation and management of the Galler Drug Co. On April 16, 1959, before the joining of issue, defendants took plaintiff's deposition, on oral examination, for discovery purposes under Supreme Court Rule 19, ch. 110, sec. 101.19, Ill. Rev. Stat. (1959). Plaintiff objected to questions that were asked, and subsequent to adjournment of the deposition, defendants made their motion under subsection (3)(d) of Supreme Court Rule 19—9 for a ruling "in advance of trial" on plaintiff's objections. The court's order sustained the objections and defendants filed notice of appeal from the order.

The question is whether the order is appealable.

In accordance with the powers granted in section 58 of the Civil Practice Act, ch. 110, Ill. Rev. Stat. (1959), as amended effective January 1, 1956, the Supreme Court adopted, among other rules dealing with depositions, Rule 19—9. Defendants' motion in the trial court relied upon subsection (3)(d) of that Rule which

provides, in part, that "any party may, but need not, on notice and motion obtain a ruling by the court on the objections in advance of the trial."

Defendants rely upon Lorsbach v. Hartford Fire Ins. Co., 315 Ill. App. 32 (1942), to sustain the appeal. That case decided that a court order was appealable which dismissed a notary public's petition for an order directing witnesses to answer certain questions which they had refused to answer on the taking of their depositions. The petition by the notary was the procedure then provided by section 36 of the Evidence and Depositions Act, ch. 51, Ill. Rev. Stat. (1941). The court in the Lorsbach case said the procedure under section 36, chapter 51, was a "separate, ancillary action to the main cause" and the dismissal ruling was not a "preliminary order in the pending suit but . . . a final determination. . . ." We think defendants' motion here, under Rule 19—9(3)(d), was a proceeding different from that in the Lorsbach case, and was not a separate proceeding but a preliminary proceeding in the course of a pending action.

■■ It is our view that the Lorsbach case is not applicable to the instant order which we think is interlocutory and not appealable under section 77 of the Civil Practice Act. We are entitled, since defendants are attempting to establish a right, to consider the probable consequences to Appellate Court dockets of allowing appeals from orders denying motions like the one before us. Bush v. Babb, 23 Ill.App.2d 285, 291. Allowance of these appeals would be to promote piecemealing to a high degree and a step backward in the quest of the Illinois Legislature and courts for more modern, efficient procedures. The consequences feared by defendants from disallowing the appeal are answered effectively in Illinois Trust & Savings Bank v. Howard, 185 Ill. 332, 333–34. The trial court's ruling

was on the motion based on Rule 19—9(3)(d). We have limited our consideration to that rule.

The order is not appealable. The appeal is dismissed.

Appeal dismissed.

MURPHY, P. J., concurs.

BURMAN, J., not participating.