John R. Harrell, Plaintiff-Appellant, v. Ray Summers, et al., Defendants-Appellees.

Gen. No. 60–O–18.

Fourth District.

January 3, 1961.

Unger, Litak & Groppi, of Danville, for appellant.

Smith, McCollum & Riggle, of Flora, for appellees.

SCHEINEMAN, J.

The plaintiff filed this suit against 28 defendants, charging libel. As a part of the complaint there is an affidavit that the document upon which libel is based was unavailable to the plaintiff, that the plaintiff believes that the defendants had custody of such document or knew of its whereabouts. At a discovery deposition hearing, the first defendant to be questioned was asked whether he had seen one or more copies of a document reciting that plaintiff was a mentally ill or mentally incompetent person. Defense counsel objected and directed the witness not to answer the question. The attorney stated as grounds of his objection that it was possible there might be involved a privileged communication between attorney and client.

Plaintiff then filed a motion under Supreme Court Rule 19–12 to compel answer to his questions and for other relief. The court refused to compel a continuance of the oral depositions but instead ruled that written interrogatories should be submitted to the court and depositions could then proceed under Supreme Court Rule 19–11.

The plaintiff appealed to this court asserting that the trial court erred in denying the motion to compel answers, and in applying Rule 19–5(2), and that defendants cannot refuse to answer on the ground of privilege. The question also arises whether the order is final.

Supreme Court Rule 19–5(2) provides: ". . . for good cause shown the court may order that . . . a deposition proposed to be taken orally be taken in whole or in part on written questions . . . or the court

283

may enter any other order which justice requires to protect the party or deponent from annoyance, embarrassment, or oppression."

The broad authority conferred on the court by this rule is a sufficient answer to plaintiff's first point. However, we give the point further consideration because of its possible effect on the question whether the order is final and appealable.

The wisdom of the court assuming control of the questions is apparent, since it seems the 28 defendants may intend to refuse to answer, making it necessary 28 times to adjourn the hearing to obtain a court ruling. The circumstances might vary in the 28 cases so that the ruling on one might not apply to all.

The court has put itself in position to control the form of the questions and to require the party claiming privilege to show facts which bring the evidence objected to within the rule claimed, and it is the obligation of the party to make such showing. Pick v. Diecks, 218 Ill. App. 295.

A party cannot claim that the content of a report or document is privileged without giving any indication of the circumstances under which the document came into existence. Krupp v. C. T. A., 8 Ill.2d 37, 132 N.E.2d 532.

The cases relied upon by plaintiff to sustain his claim of error are not in point, except Liberty Mutual Ins. Co. v. Congress Michigan Auto Park, 19 Ill. App.2d 502, 154 N.E.2d 298, and that case is against him, since the appellate court there specifically recognized the trial court's authority to require a proposed oral deposition to be taken in whole or in part on written questions.

This situation has been presented in detail, because the question of what is a final and appealable order is sometimes difficult and varies under some circumstances. There are cases in which an appeal has been

allowed as from a final order, although there was involved only the taking of depositions or production of books or documents. Plaintiff cites several of these cases, which we regard as distinguishable from the case before this court. The case of Kemeny v. Skorch, 22 Ill.App.2d 160, 159 N.E.2d 489, is not in point, since it involved a final order assessing a fine against an attorney for contempt of court.

Durkin v. Hey, 376 Ill. 292, 33 N.E.2d 463, was a proceeding in circuit court to require the production of certain records under the Unemployment Compensation Act. There was not a suit pending against the individual, except the statutory proceeding for an order to produce, enforceable by contempt action. The order of the trial court was held final and appealable, the Supreme Court stating: "Preliminary orders in a pending suit are not appealable because they are reviewable upon appeal from the final order in the suit. In the case at bar there is no such suit pending."

Lorsbach v. Hartford Fire Ins. Co., 315 Ill. App. 32, 42 N.E.2d 388, goes somewhat further. A suit had been filed against the defendant insurance company and it had filed a motion attacking the complaint. The defendant in the case had subpoenas issued for depositions before a notary under the provisions of Section 36, Chapter 51, Evidence and Depositions Act (repealed 1955). At the time required and place required the plaintiffs appeared, but refused to answer questions. The notary filed a petition in the pending case, pursuant to the cited statute, for an order to answer. On motion of plaintiffs the petition was stricken. The appellate court held this was a final appealable order, because, although filed in the same suit, it was a separate and ancillary proceeding. Neither the questions nor the objections are stated in the opinion. The court cited Durkin v. Hey, supra, as authority for its decision.

The statute followed in that case is no longer in force. The various sub-divisions of Rule 19 all are now a part of the procedure in the pending suit. In Moffat Coal Company v. Industrial Commission, 397 Ill. 196, 73 N.E.2d 423, the Supreme Court held again that preliminary orders are not subject to appeal and adhered to its prior decisions that while the preliminary orders may be reviewed after the case has gone to final judgment, they cannot be reviewed piecemeal.

In the recent case of Galler v. Galler, 24 Ill.App.2d 183, 164 N.E.2d 526, an order sustaining objections to certain questions on a deposition was held not a final appealable order, on the ground that this was "not a separate proceeding but a preliminary proceeding in the course of a pending action."

█ It is our conclusion that an order of a trial court, in a pending suit, under Rule 19-5(2) is a part of the pending suit and would become subject to review on an appeal after final judgment in the pending case. The preliminary order is not final and appealable and this appeal is dismissed.

Appeal dismissed.

CULBERTSON, P. J. and HOFFMAN, J., concur.