(No. 54313.—

THE PEOPLE *ex rel.* WILLIAM J. SCOTT, Attorney General, Appellee, v. HERMAN M. SILVERSTEIN *et al.* (George A. Otlewis, Appellant).

*Opinion filed November 20, 1981.*

Feiwell, Galper & Lasky, Ltd., of Chicago (George S. Feiwell, Daniel C. Meenan and Bernard L. Rivkin, of counsel), for appellant.

Reuben & Proctor, of Chicago (Don H. Reuben, Lawrence Gunnels, Samuel Fifer, and Charles J. Sennet, of counsel), for appellee William Currie.

MR. JUSTICE RYAN delivered the opinion of the court:

The present appeal is ancillary to People *ex rel.* Scott v. Silverstein, which was brought by the Illinois Attorney General and which is now pending in the circuit court of Cook County against five individual defendants who are either officers or directors of the George F. Harding Museum in Chicago, the George F. Harding Museum, Sotheby Parke Bernet, Inc., a New York corporation, and one of its employees, seeking to enjoin the sale of certain assets of the museum, to remove its directors, and to hold the directors personally liable for losses which the museum may have sustained.

One of the defendants, a director of the George F. Harding Museum, George A. Otlewis, subpoenaed William Currie for his deposition and for the production of certain documents. Currie is a newspaper reporter for the Chicago Tribune. He is not a party to the principal action. Currie wrote a number of articles for the Chicago Tribune relating to the subject matter of the principal case. He was also assigned to report on developments in the litigation.

In response to the subpoena, Currie filed a motion to quash, contending that the enforcement of the subpoena would violate "An Act concerning disclosure of the sources of information obtained by certain persons in the news media" (the Reporter's Privilege Act) (Ill. Rev. Stat. 1979, ch. 51, par. 111 *et seq.*), the first amendment to the United States Constitution, and article I, section 4, of the Illinois

Constitution. In response to Currie's motion, defendant Otlewis argued that the subpoena should be enforced because Currie had "waived" his privilege as a result of his disclosures to Donald C. Mulack, a special assistant Attorney General and chief counsel for the plaintiff in the principal action. In the alternative, defendant argued that, even if the privilege did apply, in this case divestiture, as provided for in the Act (Ill. Rev. Stat. 1979, ch. 51, pars. 116, 117), was necessary, since relevant information would be otherwise unavailable. Finally, defendant took the position that he is entitled to an opportunity to "confront" Currie as one of the individuals who instigated the litigation.

After a hearing in the circuit court of Cook County, the court denied Currie's motion to quash on the ground that Currie had "waived any and all rights to assert any privilege" under the Act or the Federal or State constitutions by virtue of his disclosure of the information to Mulack. The trial court found, however, that the defendant had failed to sustain the statutory burden of proof under the Reporter's Privilege Act necessary for an order of divestiture and ordered the scope of the deposition to be limited to "such sources and such data as William Currie divulged to Plaintiff's attorney, Donald G. Mulack, as disclosed in Mulack's deposition of June 29, 1979 and July 2, 1979."

Currie sought review of that decision in the appellate court. Preliminarily, the court found that the order requiring Currie to appear for the deposition was final and appealable under Supreme Court Rule 301 (73 Ill. 2d R. 301). (89 Ill. App. 3d 1039, 1042.) The appellate court reversed the decision of the trial court and held that Currie had not "waived" the privilege conferred by the Reporter's Privilege Act. The court also found that the defendant was "not prejudiced in the least by the lack of an opportunity to depose Currie" because the "information sought by [defendant] Otlewis from Currie is the same information defendant obtained in Mulack's deposition." 89 Ill. App. 3d

1039, 1045.

We need not address the merits of the substantive issues raised or the issue of waiver because we hold that the order of the trial court requiring Currie to appear for the deposition was not a final and appealable order under Supreme Court Rule 301. 73 Ill. 2d R. 301.

The 1970 Illinois Constitution vests in this court the authority to make rules governing appeals. (Ill. Const. 1970, art. VI, §§ 6, 16.) Also, section 6 of article VI provides that appeals from *final judgments* of the circuit court are a matter of right to the appellate court and that the supreme court may provide by rule for appeals to the appellate court from *other than final judgments* of the circuit courts. (Ill. Const. 1970, art. VI, § 6.) Accordingly, Supreme Court Rule 301 (73 Ill. 2d R. 301) provides that "[e]very *final judgment* of a circuit court in a civil case is appealable as of right." (Emphasis added.) Similarly, Supreme Court Rule 304 (73 Ill. 2d R. 304) provides for appeals from *final judgments* as to fewer than all the parties or claims. (Emphasis added.) Pursuant to the constitutional authority to provide for appeals from other than final judgments, Supreme Court Rules 306, 307, and 308 (73 Ill. 2d Rules 306, 307, 308) provide for appeals from certain specified *interlocutory orders* of the court. Discovery orders are not made appealable under the provisions of these rules. There has been no argument made that Supreme Court Rules 306, 307, or 308 apply in this case.

A judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. (*Relph v. Board of Education* (1981), 84 Ill. 2d 436, 441.) Preliminary orders in a pending case are not appealable because they are reviewable on appeal from the final order. (*Durkin v. Hey* (1941), 376 Ill. 292, 297.) However, an order cast in terms of a contempt proceeding imposing sanctions is a final and appealable order and has been held to be an

appropriate method for testing pretrial discovery orders. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 189; *Stimpert v. Abdnour* (1962), 24 Ill. 2d 26, 27; *People v. Williams* (1981), 87 Ill. 2d 161; *People ex rel. Hawthorne v. Hamilton* (1973), 9 Ill. App. 3d 551, 553; *Kemeny v. Skorch* (1959), 22 Ill. App. 2d 160, 163.) The imposition of a sanction for contempt is final and appealable because, although occurring within the context of another proceeding and thus having the appearance of being interlocutory, it is an original special proceeding, collateral to and independent of, the case in which the contempt arises. (*Hill v. Jeffery Co.* (1920), 292 Ill. 490, 493; *Lester v. Berkowitz* (1888), 125 Ill. 307, 308.) It is the end of the proceeding begun against the witness. There is nothing left to be done but enforce the judgment.

We need not determine whether *Laurent v. Brelji* (1979), 74 Ill. App. 3d 214, which the appellate court relied on in reaching its decision that the pretrial discovery order in this case was final and appealable, was correctly decided because it is readily distinguishable from the instant case. In that case the superintendent of the Chester Mental Health Center had appealed from a circuit court order directing him to comply with an administrative *subpoena duces tecum* requiring him to testify and to produce for inspection the records of a former patient of the Chester facility in connection with a Civil Service Commission discharge proceeding. The hearing officer denied the superintendent's motion to quash, and the employee and the Civil Service Commission filed a petition in circuit court for enforcement of the subpoena. On review, the appellate court found the order of the circuit court to be final and appealable. The court reasoned:

"The absence of an order of contempt in this case, however, does not deprive us of jurisdiction over the matter, since we conclude the order of the circuit court was final and not interlocutory. An order which in

substance finally adjudicates the rights of the parties and terminates the litigation is final and appealable. [Citation.] Here, the proceeding before the circuit court was a *separate, independent action.* [Citation.] After the court ordered the recusant witness to testify and produce the records, the proceeding before it was terminated. In that sense it was *distinguishable from other discovery orders entered in a cause pending in the same court.* The order of the court finally determined the rights of the parties before it and terminated the litigation. *** [Citations.]" (Emphasis added.) *Laurent v. Brelji* (1979), 74 Ill. App. 3d 214, 216.

In *Laurent v. Brelji,* the principal case was an administrative proceeding before the Civil Service Commission. The proceeding in circuit court was a separate action. A similar result was reached in *Ellis v. Interstate Commerce Com.* (1915), 237 U.S. 434, 442, 59 L. Ed. 1036, 1040, 35 S. Ct. 645, 646, in which an appeal was allowed from a trial court order directing a witness to answer questions and produce records in an inquiry before the Interstate Commerce Commission. In *Durkin v. Hey* (1941), 376 Ill. 292, 296-97, an appeal from an order requiring the production of an employer's general ledger and other records was allowed because the order was not merely a preliminary order for the production of evidence in a pending suit.

In contrast to the orders in the cases above, in its present stance, the order of the trial court that Currie respond to the subpoena is an interlocutory one, made as a preliminary order in a pending suit. (*Durkin v. Hey* (1941), 376 Ill. 292, 297.) Defendant Otlewis is correct in his argument that the appellate court would have jurisdiction under Supreme Court Rule 301 (73 Ill. 2d R. 301) only after Currie refused to obey the discovery order and a final order imposing sanctions and terminating contempt proceedings was entered against him.

At this point in the proceedings, Currie has the "privilege *** either to obey the order, or stand in defiance of

the power of the court." (*Lester v. Berkowitz* (1888), 125 Ill. 307, 308; *Carden v. Ensminger* (1928), 329 Ill. 612, 620.) Where an unappealable interlocutory order results in a judgment of contempt including a fine or imprisonment, such a judgment is a final and appealable judgment and presents to the court for review the propriety of the order of the court claimed to have been violated. *People ex rel. Hawthorne v. Hamilton* (1973), 9 Ill. App. 3d 551, 553.

Accordingly, the ruling of the appellate court as to the appealability of the interlocutory order is reversed and the cause is remanded to the circuit court of Cook County for further proceedings consistent with this opinion.

*Reversed and remanded.*