LAMAR BROWN, Petitioner-Appellee, v. THE DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Respondent-Appellant.

First District (1st Division)   No. 84—1313

Opinion filed September 9, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Robert W. Cushing, Assistant Attorney General, of Chicago, of counsel), for appellant.

Cornfield & Feldman, of Chicago (Gail E. Mrozowski, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

This appeal concerns the order of the circuit court directing the defendant, Department of Mental Health and Developmental Disabilities, an agency of the State of Illinois, (DMHDD) to comply with an administrative *subpoena duces tecum.* The respondent DMHDD ap-

peals from said order.

The record discloses that petitioner, Lamar Brown, is a certified employee of the State of Illinois. On or about November 29, 1983, Brown received charges for his discharge from DMHDD alleging that he struck S.A., a patient-resident of the Ludeman facility, on August 18, 1983. Brown filed an appeal from the charges for his discharge with the Civil Service Commission. Prior to the commencement of the hearing, Brown caused an administrative *subpoena duces tecum* to be served upon DMHDD demanding the production of the records of the patient-resident, S.A. At the Civil Service Commission hearing, S.A. testified concerning an incident wherein he was allegedly subjected to physical abuse by Brown, an employee of the Ludeman facility. Respondent informed petitioner that said records were privileged and would not be produced pursuant to the subpoena in accordance with section 10 of the Mental Health and Developmental Disabilities Act (Ill. Rev. Stat. 1983, ch. 91½, par. 810). Thereafter, Brown filed a petition in the circuit court for enforcement of the subpoena and for an *in camera* inspection of the documents in court. The record does not indicate if a responsive pleading was filed by the respondent to said petition.

The records requested were submitted to the court and the court reviewed the records and found them to be relevant and probative to the administrative proceeding. The records were then returned to counsel for the respondent and are not part of the record before this court for review.

The circuit court entered the following order on April 24, 1984:

"It is hereby ordered:

(1) The Court having reviewed the records in camera and finding that the records may be relevant and probative to the administrative proceedings orders that said records be transmitted to the hearing officer appointed by the Civil Service Commission in the administrative proceeding for her review and that said hearing officer disclose to counsel for Petitioner in this matter those records which she finds relevant to the proceedings before her ***."

The record on appeal indicates that on May 1, 1985, the following question was presented by motion of respondent for certification for appeal by the court.

"Whether a victim of an alleged beating, called to testify as a witness in a Civil Service hearing concerning the discharge of a party in that hearing, has the privilege and right to prevent the disclosure of his past records or communications regarding

mental health, his history or therapy, under Chapter 91½ par. 810 of the Illinois Revised Statutes."

In denying the above motion, the court indicated that the order of April 24, 1984, was an interlocutory order. This appeal followed.

Petitioner filed a preliminary motion in this court to dismiss said appeal, challenging our jurisdiction, and said motion was denied. (87 Ill. 2d R. 301.) After the record on appeal and briefs were filed, we elected to reconsider the question of our appellate jurisdiction as to the order of April 24, 1984. Said order constitutes the basis of this appeal.

During the pendency of this appeal, and in response to petitioner's motion to dismiss, respondent cited the case of *Laurent v. Brelji* (1979), 74 Ill. App. 3d 214, 392 N.E.2d 929, as authority for the assertion that the order of April 24, 1985, was final and appealable.

In *Laurent*, under similar facts, the appeal was taken from an order of the circuit court directing the defendant director, as superintendent of the Chester Mental Health Center (DMHDD) to comply with an administrative *subpoena duces tecum*. This subpoena ordered the director to testify and produce for inspection the records of a former patient of the Chester facility before a hearing officer of the Civil Service Commission. On appeal the court stated "[b]efore proceeding to the merits of the case, we initially address the question of our jurisdiction over the controversy. Generally, an order allowing discovery or directing disclosure of information is considered interlocutory and, therefore, not appealable. A party could, nevertheless, test the validity of such an order by refusing to obey and defending in a contempt proceeding. An order of contempt is clearly appealable." (*Laurent v. Brelji* (1979), 74 Ill. App. 3d 214, 215.) The court then ruled that the order terminated the litigation and was thus final and appealable.

This issue of appellate jurisdiction has not been raised by either party in their briefs and hence, has not been argued. We observe that in the instant case the named respondent-defendant was the Department of Mental Health and Development Disabilities, an agency of the State of Illinois, as against a named individual defendant in the *Laurent v. Brelji* case. We also observe from the record that the subpoena is directed to Arthur Dystrg, Superintendent, E. Ludeman Development Center, whereas the order is directed to the respondent DMHDD, an agency of the State of Illinois. The respondent is not otherwise identified, nor is the order directed to any particular agent, individual or employee. The order directs the inspection and review by a hearing officer for the Civil Service Commission, and neither the su-

perintendent nor the Civil Service Commission appear to be parties to the court proceeding. In *Laurent,* the Civil Service Commission was one of the moving parties to said proceedings.

It is apparent that there are factual differences between *Laurent* and the instant case and *Laurent* is readily distinguishable. The supreme court in *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 429 N.E.2d 483, declined to rule whether *Laurent* was correctly decided, but proceeded to rule that an order enforcing a subpoena for an appearance for a deposition and for the production of certain documents was not a final and appealable order under Supreme Court Rule 301 (87 Ill. 2d R. 301). The court stated that:

> "In contrast to the orders in the cases above, in its present stance, the order of the trial court that Currie respond to the subpoena is an interlocutory one, made as a preliminary order in a pending suit. (*Durkin v. Hey* (1941), 376 Ill. 292, 297.) Defendant Otlewis is correct in his argument that the appellate court would have jurisdiction under Supreme Court Rule 301 (73 Ill. 2d R. 301) only after Currie refused to obey the discovery order and a final order imposing sanctions and terminating contempt proceedings was entered against him." *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 173.

We think that *Silverstein* is controlling here and hold that the order of April 24, 1984, is not a final appealable order, and we therefore lack jurisdiction. (87 Ill. 2d R. 301.) We also note that the instant action may possibly be deemed an action against an agency of the State of Illinois. See *Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 470 N.E.2d 1029.

Accordingly, the appeal is dismissed.

BUCKLEY, P.J., and O'CONNOR, J., concur.