WILLIAM J. GIDDENS *et al.*, Plaintiffs-Appellees, v. LAKE COUNTY
SHERIFF'S OFFICE MERIT COMMISSION *et al.*, Defendants-Appellants.

Second District   No. 2—89—0373

Opinion filed March 21, 1990.

Fred L. Foreman, State's Attorney, of Waukegan (Mimi E. Brin, Assistant State's Attorney, of counsel), for appellants.

Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, and Michael S. Grant, Ltd., of Fox Lake (Richard J. Smith and Michael S. Grant, of counsel), for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Initially, defendants appealed from a declaratory judgment of the circuit court of Lake County, wherein plaintiffs' motion for summary judgment was granted and defendants' motions to dismiss and cross-motion for summary judgment were denied. On appeal, defendants argued that the trial court erred in not granting their motions to dismiss and their cross-motion for summary judgment. The issue

determined by the declaratory judgment of the circuit court was that certain rules and regulations of the Lake County sheriff's office merit commission (commission) exceeded its authority and were void. After oral argument was heard in the instant case, plaintiffs' moved this court to dismiss this appeal, on the basis of certain action taken by the commission subsequent to the appeal in this court. Plaintiffs now contend that there is no actual dispute remaining in the case, and defendants argue that justiciable issues still exist for this court to decide.

Plaintiffs are full-time deputy sheriffs with the Lake County sheriff's department. On April 8, 1987, plaintiffs filed a complaint for declaratory judgment and other relief against the Lake County sheriff's office merit commission, individual members of said commission, the County of Lake, and Robert Babcox, sheriff of Lake County. On November 18, 1987, plaintiffs filed an amended complaint for declaratory judgment and other relief which named only the commission and individual members of said commission as defendants.

In their amended complaint, plaintiffs asked the court to declare that only one class of deputy sheriffs shall exist, with all deputies having the same rights and privileges, and to declare that plaintiffs are deputy sheriffs with all of the rights of all other deputies and for a declaration that the commission has no authority to provide for two classes of deputies. Plaintiffs also alleged that the commission, in order to show differences in certification standards and qualifications of various deputies, impermissibly used designations of deputy sheriff (grade 1) and deputy sheriff in its rules and regulations. Plaintiffs also asked the court to declare that the commission had exceeded its authority by promulgating on February 20, 1987, article I, pars. 1.05 and 1.06, of its rules and regulations. Said paragraphs read:

"1.05 <u>Deputy</u> <u>Sheriff</u> (<u>Grade</u> <u>1</u>): any full-time deputy sheriff who has successfully completed all phases of training, screening and testing by the Commission and who has been certified by the Commission, appointed by the Sheriff and authorized to make arrests, carry arms and act for and on behalf of the Sheriff, and who has successfully completed all probationary duty. (Amended 2-20-87)

1.06 <u>Deputy</u> <u>Sheriff</u>: all bailiffs, civil process and warrant personnel brought under Commission jurisdiction on January 1, 1981, and employed on or before the effective date of this amendment who have not qualified or successfully completed the testing and training heretofore required of deputy sheriffs (Grade 1). All deputy sheriffs who wish to become qualified as

deputy sheriffs (Grade 1) shall have four (4) years from the effective date of this amendment in which to so qualify. Henceforth, from the effective date of this amendment, all deputy sheriffs shall be hired as deputy sheriffs (Grade 1). Failure to qualify as a deputy sheriff (Grade 1) within the four (4) year period shall not result in the loss of an individual's status as a deputy sheriff. (Amended 2-20-87)''

On March 16, 1987, the sheriff of Lake County promulgated general order 8.3(a), which states in relevant part:

"I. Purpose

To identify classification and rank of peace officers whose primary function is the enforcement of the laws of the State of Illinois and the County of Lake in conformity with the Federal and State Constitutions.

II. Definition

A. **Deputy** Sheriff **(Grade 1):** Any full-time deputy sheriff who has successfully completed all phases of training, screening and testing as set forth by the Lake County Sheriff's Office Merit Commission Rules and Regulations, and who has been certified by the Lake County Sheriff's Office Merit Commission, and appointed by the Sheriff, and who has successfully completed all probationary duties.

B. **Deputy** Sheriff: All bailiffs, civil process and warrant personnel brought under the Merit Commission jurisdiction on January 1, 1981, who have not qualified or successfully completed the testing and training heretofore required of Deputy Sheriff (Grade 1)."

Defendants filed motions to dismiss plaintiffs' amended complaint under sections 2—615 and 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619). Following oral argument, the court denied defendants' motions. Then plaintiffs and defendants both filed motions for summary judgment and responsive pleadings. Following oral argument on the summary judgment motions, the trial court denied defendants' motion for summary judgment and granted plaintiffs' motion for summary judgment to the extent that it found that rules 1.05 and 1.06, promulgated by the commission on February 20, 1987, exceeded the statutory authority granted the commission and further found said rules were null and void.

In this appeal, the parties filed briefs as required by the court rules, and on January 18, 1990, the case was orally argued by counsel. On January 23, 1990, plaintiffs filed their motion to dismiss this ap-

peal. Plaintiffs alleged the following. Upon returning to his office after oral argument, plaintiffs' counsel examined material forwarded to him by defendants' attorney, counsel for the merit commission in a case presently being litigated in the United States District Court. In the material forwarded to plaintiffs' counsel was an amendment to the commission's rules and regulations dated December 18, 1989. In said amendment, the commission reenacted rules 1.05 and 1.06 *nunc pro tunc* as of March 16, 1987, the date on which the sheriff's general order 8.3(a) was promulgated.

Plaintiffs' motion to dismiss stated that since the sheriff of Lake County had on March 16, 1987, promulgated general order 8.3(a), hereinbefore set forth, and since the commission reenacted its rules 1.05 and 1.06 *nunc pro tunc*, as of March 16, 1987, there was no longer any dispute between any of the parties to this appeal, and, therefore, this appeal should be dismissed. Plaintiffs contend that the commission no longer has any rules or regulations regarding classification of deputy sheriffs effective February 20, 1990. Plaintiffs conclude no actual dispute remains in this case, and, therefore, this appeal should be dismissed.

Defendants, in opposing the motion to dismiss this appeal, argue that the commission has not withdrawn the February 20, 1987, rules but has merely enacted the same rules which purport to govern effective March 16, 1987. Defendants further contend that this court's disposition of this appeal will determine, at the very least, what rules and regulations govern employees subject to defendants' jurisdiction from February 20, 1987, to March 16, 1987. Defendants argue that the disposition of this appeal will determine what rules and regulations govern employer's employees subject to defendants' jurisdiction from February 20, 1987, to March 15, 1987. That is not an issue before this court, and the defendants are, in effect, attempting to have this court render an advisory opinion. *People v. Boclair* (1987), 119 Ill. 2d 368, 373.

■■ Pursuant to the foregoing motions, this court should determine whether this case is moot. A matter is moot if an actual controversy no longer exists and the interests or rights of the parties are no longer in controversy. (*Novak v. Rathnam* (1985), 106 Ill. 2d 478, 482.) Moreover, a pending appeal must be dismissed where the reviewing court has notice of facts which make it impossible to grant effective relief to either party. (*George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 76.) Further, a reviewing court will not render an opinion when it would have only an advisory effect. *People v. Boclair*, 119 Ill. 2d at 373.

■ The issue on appeal was whether the commission had exceeded its statutory authority by enacting its rules 1.05 and 1.06 as of February 20, 1987. By its December 19, 1989, reenactment of the pertinent rules *nunc pro tunc* as of March 16, 1987, the commission amended its rules to reflect the language incorporated in the sheriff's above-cited general order 8.3(a), issued on March 16, 1987. The commission's rules no longer precede those promulgated by the sheriff, whose authority to create ranks of deputies from amongst those he hires is not in dispute here. However, since the motion of plaintiffs filed on January 23, 1990, is only admitted as to its facts by inference in defendants' opposing pleading, and, in view of the fact that this proceeding is for declaratory judgment, this cause should be remanded to the circuit court for satisfactory proof of plaintiffs' allegations and also to determine whether this cause is moot. Also, it should be determined by the circuit court whether there are any parties to this proceeding whose rights and/or status are affected by rules and regulations of the commission after enactment of the amendments set forth in plaintiffs' motion.

Accordingly, we grant plaintiffs' motion to dismiss this appeal and remand this cause with directions to ascertain whether the proceeding is moot.

Appeal dismissed; remanded with directions.

REINHARD and McLAREN, JJ., concur.