THOMAS BURNS, Plaintiff-Appellee, v. CELOTEX CORPORATION *et al.*, Defendants (A & M Insulation Company, Defendant-Appellant; Owens-Illinois, Inc., *et al.*, Defendants-Intervening Appellees).
First District (6th Division)   No. 1—91—3272

Opinion filed January 31, 1992.—Rehearing denied March 5, 1992.

Haskell & Perrin, of Chicago (Edward J. Matushek III and Alan S. Zelkowitz, of counsel), for appellant.

Robert H. Riley, Catherine Masters Epstein, and Joseph J. Kralovec III, all of Schiff, Hardin & Waite, of Chicago, for appellees Owens-Illinois, Inc., and Keene Corporation.

JUSTICE McNAMARA delivered the opinion of the court:
This interlocutory appeal arises from a September 11, 1991, order of the circuit court of Cook County enjoining defendant, A & M Insulation Company (defendant or A & M), from proceeding with its motions and discovery in a pending asbestos-related product liability action. This court granted Owens-Illinois, Inc., and Keene Corporation (collectively Owens-Illinois), other defendants in this action, leave to file a brief as appellees. Plaintiff has not filed a brief in this appeal. For the reasons stated herein, we dismiss defendant's appeal.
Plaintiff, Thomas Burns, filed this action against A & M and 14 other defendants in May 1990 alleging asbestos-related personal injuries caused by exposure to defendant's products. Plaintiff had been diagnosed with pleural plaques, the thickening of the lining of the

lungs, which is a benign manifestation of asbestos exposure without disability or physical impairment. Plaintiff's case was assigned to Judge Dean M. Trafelet, who handles the pretrial and trial of all asbestos-related personal injury cases in the circuit court of Cook County. These cases currently number more than one thousand.

On March 26, 1991, Judge Trafelet entered a general order which created the "Asbestos Deferred Registry" (deferred docket). The purpose and history of the order are discussed extensively in *In re Asbestos Cases* (1991), 224 Ill. App. 3d 292 (hereinafter *Mulligan v. Keene Corp.* or *Mulligan*), and we summarize only the most relevant provisions herein. This order (the deferred docket order) allows a plaintiff who has been diagnosed with asbestos-related disease, but presently exhibits no impairment, to file an action and be placed on an inactive or deferred docket until his condition deteriorates to disability, if ever. The order exempts any claim on the deferred docket from discovery provisions. If and when plaintiff develops a prescribed degree of impairment, plaintiff may request removal from the deferred docket. If the parties agree that plaintiff meets the criteria for removal, the court will remove the claim from the docket and claimant may proceed. If the parties do not agree, the court determines the removal issue and enters an appropriate order. Plaintiff may also voluntarily remove himself by withdrawing his claim. The order purports to allow the trial court to focus on cases involving present impairment or death while preserving plaintiff's rights if his condition deteriorates. The deferred docket was initially proposed by both plaintiffs and defendants in asbestos-related cases, and after extensive negotiation and consultation, the majority of parties supported the proposed order. A & M did not support the order.

In August 1991, defendant filed a motion for summary judgment and sought to initiate discovery. Plaintiff requested the court to place the case on the deferred docket. The trial court granted plaintiff's motion and enjoined defendant from proceeding with discovery and from seeking hearings on the pending motions in this case. Defendant filed this interlocutory appeal pursuant to Supreme Court Rule 307 (137 Ill. 2d R. 307).

On appeal, defendant contends that the trial court's order was an abuse of discretion. Additionally, defendant argues that the underlying order creating the deferred docket was a denial of due process and an abuse of discretion. We conclude, however, that this court lacks jurisdiction to consider the appeal.

Supreme Court Rule 307(a)(1), an exception to the general rule allowing appeals only after final judgment, allows appeal from an inter-

locutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." (134 Ill. 2d R. 307(a)(1).) Whether an order constitutes an appealable, injunctive order under Rule 307(a)(1), however, must be determined from its substance rather than its form. *Mulligan v. Keene Corp.*, 224 Ill. App. 3d 292; *Smith v. Goldstick* (1982), 110 Ill. App. 3d 431, 442 N.E.2d 551.

We find *Mulligan*, recently decided by this court, instructive. In *Mulligan*, defendant appealed from the deferred docket order which forms the basis for the order in this appeal. This court held that the deferred docket order was a noninjunctive, nonappealable order because it did not affect the parties' relationship outside of the litigation. The court relied upon the following passage from *In re A Minor* (1989), 127 Ill. 2d 247, 537 N.E.2d 292:

> "Not every nonfinal order of a court is appealable, even if it compels a party to do or not to do a particular thing. Orders of the circuit court which can be properly characterized as 'ministerial,' or 'administrative'—because they regulate only the procedural details of litigation before the court—cannot be the subject of an interlocutory appeal. (See *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171 (stating that discovery orders and subpoenas are not appealable interlocutory orders).) Such orders may be considered noninjunctive because they did not form part of the power traditionally reserved to courts of equity, but, instead, were part of the inherent power possessed by any court to compel witnesses to appear before it and give testimony. (See *JFS v. ABMJ* (1983), 120 Ill. App. 3d 261, 262.) *They do not affect the relationship of the parties in their everyday activity apart from the litigation,* and are therefore distinguishable from traditional forms of injunctive relief." (Emphasis added.) (*In re A Minor,* 127 Ill. 2d at 261-62, 537 N.E.2d at 298.)

The *Mulligan* court characterized the deferred docket order as "administrative" because it regulates the procedural details of litigation. The court stated that the deferred docket order did not affect the parties' relationship outside the parameters of litigation, but rather was an exercise of the court's inherent authority to control its docket. (*Mulligan,* 224 Ill. App. 3d at 292.) The court thus concluded that it lacked jurisdiction and dismissed the appeal.

Under *Mulligan*, we conclude that the order appealed from herein is noninjunctive. This order, like the order in *Mulligan*, does not affect the parties' relationship apart from the litigation, but rather regulates the procedural details of the litigation. In our view,

the order, which invokes the provisions of the deferred docket order, is a traditional exercise of the court's authority to control its docket. Moreover, we reject defendant's argument that the order denies it the right to pursue discovery and to determine the extent or legitimacy of the claims against it. For these reasons, we do not believe that this order constitutes a reviewable, interlocutory order under Rule 307(a)(1).

Moreover, defendant has advised that subsequent to the filing of its brief, it learned from plaintiff's counsel that plaintiff did "not want his action to remain on the [deferred docket]." Owens-Illinois agrees that plaintiff now wishes to remove this case from the docket. The record does not indicate nor have we been informed whether plaintiff wishes to voluntarily withdraw his complaint or whether he wants to be removed from the docket in order to actively pursue his claim. In either case, however, the order appealed from here expires under its own terms upon plaintiff's removal from the docket. Under the circumstances, we are unable to grant effective relief. (*George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 491 N.E.2d 1160.) Moreover, we will not render an opinion that would have only an advisory effect. *Giddens v. Lake County Sheriff's Office Merit Comm'n* (1990), 195 Ill. App. 3d 459, 552 N.E.2d 368.

For the reasons stated, we conclude that this court lacks jurisdiction to consider this appeal. Consequently, the appeal is dismissed.

Dismissed.

EGAN, P.J., and LaPORTA, J., concur.