THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. B.R. MacKAY & SONS, INC., Respondent-Appellant.

First District (3rd Division)   No. 85—241

Opinion filed February 19, 1986.—Rehearing denied March 20, 1986.

Dardick & Denlow, of Chicago (Morton Denlow and Ellen Barron Feldman, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Michael A. Ficaro, Dennis J. Porter, and Steven F. Molo, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

B.R. MacKay & Sons, Inc., respondent in a contempt proceeding, appeals from a judgment of the circuit court of Cook County finding it guilty of contempt and imposing a fine of $1,000. On appeal, respondent contends that the trial court erred in finding respondent in contempt for failure to comply with post-judgment discovery requests made by the Attorney General of the State of Illinois in connection with his petition to vacate judgment, which was filed pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401).

On May 12, 1983, the State filed a complaint for injunctive and other relief against respondent and other defendants, alleging violations of environmental protection laws for producing hazardous waste. On May 23, 1983, respondent filed a motion to dismiss for lack of personal jurisdiction because respondent did not conduct business in Illinois. The motion was supported by the affidavit of Michael MacKay, respondent's president. MacKay stated, among other things, that respondent had no employees in Illinois; that respondent did not sell or distribute products or services in Illinois; that respondent did not engage in the business of processing scrap film in Illinois; and that respondent did not store film chips resulting from the process in Illinois. MacKay also stated, however, that respondent provided the initial capital for the Illinois operation, was a customer and creditor of the Illinois corporation, Film Recovery Systems, Inc., and that it maintained a mailing address and phone number in Illinois during January and February 1983. Based on these sworn representations, among

other things, petitioner arrived at a settlement agreement with respondent and the other defendants. The settlement was for $250,000, of which respondent paid $90,000. The agreement resulted in a dismissal order entered by the trial court on July 26, 1983.

Subsequently, petitioner acquired information indicating that MacKay's sworn statements were false. In a sworn deposition taken in an unrelated lawsuit, MacKay stated that respondent paid the salaries of the employees of the Illinois corporation; that respondent purchased scrap film in Illinois; that respondent was involved in processing scrap film in Illinois; that respondent paid rent for the Illinois property; that respondent's comptroller exercised control over expenditures made by the Illinois corporation; and that employees in the Illinois corporation were authorized by respondent to draw money from respondent's account in Utah. Other evidence indicated that MacKay was president of Silver Recovery Systems, an Illinois company; and that little or no distinction existed between respondent and the Illinois corporation.

On October 24, 1983, petitioner filed a petition to vacate the dismissal order of July 26, 1983. Respondent subsequently filed a motion to dismiss the petition, and petitioner filed a supplemental petition. On May 30, 1984, petitioner was given leave to file its first request for production of documents. The request sought business records which would indicate whether respondent conducted business in Illinois at the time it filed affidavits stating it did not conduct business in Illinois. Respondent objected, contending that discovery is not authorized under section 2—1401. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). After considering briefs and hearing oral argument, the trial court ruled that petitioner could seek discovery, but limited the discovery to materials relevant to the claimed fraud. After receiving permission from the court, respondent filed specific objections to the discovery requests. The trial court ruled in favor of respondent on some of its objections, generally limited the scope of the discovery requests, and ordered respondent to comply within 30 days.

Respondent then sought and received a protective order, and the trial court again ordered respondent to comply with the discovery requests. When respondent failed to do so, petitioner filed a petition for a rule to show cause why respondent should not be held in contempt for failure to comply. On January 16, 1985, the court held respondent in contempt and ordered it to pay a fine of $1,000 per day, which was later limited to a total of $1,000.

The sole issue before this court is whether, under the narrow circumstances presented here, petitioner had the right to conduct limited

discovery proceedings in connection with its section 2—1401 petition. Respondent urges that the trial court has no jurisdiction to compel discovery because a section 2—1401 proceeding is not a continuation of the original proceeding, and the filing of such a petition does not affect the final judgment. Ill. Rev. Stat. 1983, ch. 110, pars. 2—1401(b), (d).

In *City of Chicago v. Hart Building Corp.* (1969), 116 Ill. App. 2d 39, 253 N.E.2d 496, *cert. denied* (1970), 398 U.S. 950, 26 L. Ed. 2d 290, 90 S. Ct. 1870, petitioner filed a verified petition for full disclosure of respondent's interest in certain properties after a final order of the trial court had discharged respondent as a receiver for the properties. The trial court ordered respondent to make a full disclosure, and evidentiary hearings were subsequently held. Petitioner was then given leave to file instanter an amendment to its petition for disclosure to include, among other things, a request to vacate the final order discharging respondent as receiver of the properties involved, pursuant to a section 72 petition (now par. 2—1401). The trial court held respondent in contempt, fined him $5,000 and vacated the earlier order which had discharged him as the receiver.

In *City of Chicago v. Hart Building Corp.* (1969), 116 Ill. App. 2d 39, 253 N.E.2d 496, this court upheld the trial court's decision, despite respondent's argument that the trial court lacked jurisdiction to compel discovery because the petition was not ancillary to a pending civil suit. The court stated at page 48 that "[s]uch an argument overlooks the point that the city was compelled to commence the action in this unusual way because of the subterfuge employed by the respondent as he attempted to conceal *** his self-dealing in receivership property without disclosure to the court." In holding there was no error within the "unusual facts" of that case, the court also noted that to "sustain the respondent's contention *** would be to enable him to profit from his own wrongs." *City of Chicago v. Hart Building Corp.* (1969), 116 Ill. App. 2d 39, 49, 253 N.E.2d 496.

Similarly, we find that the unusual facts present here, establishing a *prima facie* case of fraud, permit limited discovery in relation to the 2—1401 petition. Petitioner was forced into this unique position by MacKay's fraudulent statements regarding whether it was sufficiently involved in Illinois to fall under Illinois' long arm jurisdiction. Respondent contends that MacKay's affidavit filed in support of its motion to dismiss for lack of personal jurisdiction did not deny any involvement in Illinois, and contained facts which should have notified petitioner that respondent had substantial connections with Illinois. However, the purpose of the affidavit was to support a motion to dis-

miss for lack of personal jurisdiction. We find respondent's contention unpersuasive in light of the apparently numerous misstatements contained in that affidavit, including denials of conducting business activities relating to the processing of scrap film in Illinois or having employees in Illinois. To rule otherwise would allow respondent to profit from its own wrongs.

We find further support for our holding in *Gatto v. Walgreen Drug Company* (1975), 61 Ill. 2d 513, 337 N.E.2d 23, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 178, 96 S. Ct. 1669, where the court held *sub silentio* that discovery may be used in a post-judgment setting. In *Gatto*, the third-party defendant filed a motion for discovery and for reduction of a judgment on a jury verdict. The motion for discovery was granted on the issue of whether there was a settlement agreement between plaintiff and defendant. The discovery process revealed the existence of a fraudulently concealed settlement agreement. The trial court, however, denied the petition to vacate, and this court affirmed. The supreme court reversed, finding that the third-party defendant was entitled to relief from the judgment against it because the settlement agreement eliminated controversy between plaintiff and defendant, and thus any third-party claim. The court referred to the fact that discovery was allowed, revealing the document which ultimately was the key in the court's decision, but the court did not address the question of the appropriateness of the use of post-judgment discovery proceedings. Other Illinois cases have recognized the questions raised by post-trial discovery, but have not addressed the issue directly. See, *e.g., Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 447 N.E.2d 1358 (post-trial discovery is an open question, but the possible inability of plaintiffs to conduct post-trial discovery after its case was dismissed constituted sufficient prejudice to reverse dismissal order); *Darrough v. White Motor Co.* (1979), 74 Ill. App. 3d 560, 393 N.E.2d 122 (post-trial discovery issue not decided because insufficient surprise alleged to validate request for new trial based on newly discovered evidence).

Respondent relies on *Taxman v. Health & Hospital Governing Com.* (1980), 83 Ill. App. 3d 499, 404 N.E.2d 419, which reasons that a 2—1401 proceeding is not designed to allow a litigant to do that which should have been done earlier, and is not meant to relieve a litigant of his own mistakes or negligence. In the present case, however, petitioner is using the 2—1401 proceeding and the discovery requests, not to discover information it forgot to request earlier, but to vacate a judgment in which it has made a *prima facie* showing was obtained by fraud.

In addition to the unique facts involving fraud here, we also note that the trial court carefully addressed respondent's specific objections. It granted respondent a protective order, and narrowly limited the scope of the discovery. We find, therefore, that the trial court properly ordered respondent to comply with the post-judgment discovery requests, and that it correctly found respondent to be in contempt of court for refusal to comply.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.