COFFEY, Circuit Judge.
 

 The State of Illinois appeals the order of the district court reversing a decision of the bankruptcy court modifying a protective order issued by the bankruptcy court allowing the Attorney General access to discovery materials generated in the bankruptcy litigation between B.R. MacKay & Sons, Inc. (“MacKay”) and Film Recovery Systems, Inc. We reverse.
 

 I
 

 The litigation between the State of Illinois and MacKay began in the Circuit Court of Cook County, Illinois. In May, 1983, the state filed suit in the Cook County Illinois Circuit Court seeking an injunction and temporary restraining order against Film Recovery Systems, MacKay and several other defendants directing that they clean up hazardous waste sites at various locations in Cook County, Illinois. The suit also sought recovery of approximately $4 million that the state had previously expended in the clean up effort. Michael MacKay, the President of MacKay, in a challenge to the court’s jurisdiction filed an affidavit with the Cook County Circuit Court stating that MacKay neither had any employees in Illinois nor conducted business in that state. Based upon this challenge to the court’s personal jurisdiction over MacKay, the Attorney General consented to the dismissal of MacKay from the Cook County suit. Shortly after MacKay’s dismissal from the Cook County lawsuit, the Attorney General learned about information filed in another lawsuit establishing that the representations made in Michael MacKay’s affidavit filed in the state suit were false and that MacKay had in fact conducted business in Illinois and controlled the affairs of Film Recovery Systems.
 

 The Attorney General filed a motion with the Cook County Circuit Court pursuant to Ill.Rev.Stat. ch. 110, ¶ 2-1401 seeking to have the original dismissal vacated and requesting that the court order MacKay to allow the Attorney General access to documents in MacKay’s possession for purposes of establishing the court’s personal jurisdiction over MacKay. MacKay objected arguing that 112-1401 of the Illinois Revised Statutes was limited to pre-trial discovery and did not provide authority to support a post-trial discovery motion. MacKay also objected stating that the production motion sought information that was not only privileged but also was irrelevant to the Attorney General’s motion to vacate. The Circuit Court held that discovery was available to the Attorney General and ordered MacKay to produce various documents concerning its activities in Illinois from 1981 to 1983. MacKay refused to comply with the order of the Circuit Court and was cited for contempt.
 
 See People ex rel. Scott v. Silverstein,
 
 87 Ill.2d 167, 57 Ill.Dec. 585, 588, 429 N.E.2d 483, 486 (1981) (noting that in Illinois an order cast in terms of a contempt proceeding imposing sanctions is an appropriate method for testing pre-trial discovery orders).
 

 At the same time MacKay’s case was progressing in the state court, the trustee for Film Recovery Systems was suing MacKay in Federal Bankruptcy Court in the Northern District of Illinois alleging that MacKay controlled Film Recovery Systems and was thus responsible for its debts. The trustee filed a subpoena with the bankruptcy court requesting production of the required documents from MacKay; MacKay objected stating that the documents were privileged. The trustee for Film Recovery Systems and MacKay subsequently stipulated to entry of a protective order providing that no person except the
 
 *388
 
 trustee be allowed access to the documents, and based upon that stipulation MacKay withdrew its objection to the production of the documents requested.
 

 The Attorney General believing that the documents in the bankruptcy litigation were relevant to its claim that MacKay had been conducting business in Illinois, filed a motion with the bankruptcy court requesting that the court modify its protective order to allow the state to review the documents in the bankruptcy litigation. The bankruptcy court agreed with the Attorney General’s request, modified the protective order and allowed the Attorney General access to the documents. The district court on appeal reversed the order of the bankruptcy court holding that “[wjhile it is not direct interference with the state court proceedings, modification of the protective order could possibly undercut any subsequent decision by the Illinois Appellate Court.” Mem.Op. & Or. 10/4/85, p. 5. Further, the district court found that if it allowed the modification of the protective order, MacKay would be deprived of its opportunity to object to the discovery request as it had previously turned the documents over to the bankruptcy court after the withdrawal of its earlier objections to discovery based upon its stipulation with Film Recovery System. The Attorney General of Illinois appeals the decision of the district court.
 

 Subsequent to the time the briefs were filed in this case but prior to oral argument, the Illinois Appellate Court upheld the Circuit Court’s order allowing the state’s request for discovery.
 
 People of State of Illinois v. B.E. MacKay & Sons, Inc.,
 
 141 Ill.App.3d 137, 95 Ill.Dec. 601, 490 N.E.2d 74 (1986). The court stated that “the trial court properly ordered respondent [MacKay] to comply with the post-judgment discovery request, and that it correctly found respondent to be in contempt of court for refusal to comply.”
 
 Id.
 
 490 N.E.2d at 77, 95 Ill.Dec. at 604. MacKay filed a petition for leave to appeal to the Supreme Court of Illinois on April 24, 1986.
 
 People of State of Illinois v. B.R. MacKay & Sons,
 
 No. 63427 (Ill.Sup.Ct.). The Illinois Supreme Court denied the petition for leave to appeal.
 

 The issue on appeal is whether the district court erred in reversing the bankruptcy court’s decision modifying the protective order between MacKay and Film Recovery Systems allowing discovery of documents covered by its protective order by the State of Illinois.
 

 II
 

 The Attorney General of Illinois contends that he is entitled to a modification of the bankruptcy court’s protective order. In
 
 Wilk v. American Medical Association,
 
 635 F.2d 1295 (7th Cir.1980), this court addressed an issue virtually identical to that raised by the case at bar. In
 
 Wilk,
 
 the State of New York appealed a district court’s refusal to modify its protective order to permit New York to obtain discovery of materials covered by that order. We held that the State of New York could discover the materials covered by the protective order. In
 
 Wilk,
 
 we stated:
 

 “Federal Rule of Civil Procedure 26(c) permits protective orders to be issued for good cause shown to protect litigants from burdensome or oppressive discovery. Yet, ‘[a]s a general proposition, pre-trial discovery must take place in the [sic] public unless compelling reasons exist for denying the public access to the proceedings.’ This presumption should operate with all the more force when litigants seek to use discovery in aid of collateral litigation on similar issues, for in addition to the abstract virtues of sunlight as a disinfectant, access in such cases materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process.”
 

 635 F.2d at 1299, citing
 
 AT & T v. Grady,
 
 594 F.2d 594 (7th Cir.1979). We further stated:
 

 “We therefore agree with the result reached by every other appellate court which has considered the issue, and hold that where an appropriate modification of a protective order can place private
 
 *389
 
 litigants in a position they would otherwise reach only after repetition of another’s discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.”
 

 635 F.2d at 1299.
 

 Thus, in
 
 Wilk,
 
 we established the rule that “where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another’s discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.” 635 F.2d at 1299. In the present case, the Attorney General of Illinois seeks discovery of material which he would otherwise be forced to discover in a separate proceeding and thus increase litigation as well as litigation costs in an already overburdened court system. The Attorney General seeks information concerning MacKay’s alleged perpetration of a fraud (false information in an affidavit) on an Illinois court. An Illinois circuit court allowed discovery of the alleged fraud perpetrated on it by MacKay and subsequently held MacKay in contempt for failing to turn over documents requested by the Illinois Attorney General. An Illinois appellate court affirmed the circuit court’s contempt citation. MacKay has petitioned the Illinois Supreme Court for leave to appeal. Leave to appeal was denied.
 

 In
 
 Wilk,
 
 we cautioned that “[a] collateral litigant should not be permitted to exploit another’s discovery in the sense of instituting the collateral litigation simply as a device to obtain access to the sealed information.” 635 F.2d at 1300. This is particularly true in a case where a criminal litigant initiates a civil suit in order that he might circumvent the limitations on discovery imposed in criminal proceedings.
 
 See Campbell v. Eastland,
 
 307 F.2d 478 (5th Cir.1962). The Illinois state court did not place any such limits on discovery. In fact, the Illinois court permit discovery of alleged fraud perpetrated on them. In
 
 City of Chicago v. Hart Building Corporation,
 
 116 Ill.App.2d 39, 253 N.E.2d 496 (1969), the court stated that “[t]o sustain the respondent’s contention [that discovery of alleged fraud on the court is impermissible] in this regard would be to enable him to profit from his own wrongs.” 253 N.E.2d at 501.
 
 See also
 
 Ill.Rev.Stat. ch. 110, 112-1401(b) (permitting a party to reopen a case when grounds for relief have been fraudulently concealed).
 

 After concluding that the Illinois Attorney General could obtain discovery in another proceeding of the alleged fraud, under
 
 Wilk,
 
 we next inquire whether modification of bankruptcy court’s order would “tangibly prejudice substantial rights of the party opposing modification.”
 
 Wilk,
 
 635 F.2d at 1299. On appeal MacKay does not allege that its rights would be prejudiced herein.
 
 See
 
 Appellee Brief. The district court expressed concern that MacKay would not have an opportunity to object to discovery of the materials sought by the Attorney General in the present case. Mem.Op. & Or. 10/4/85, p. 5. We fail to find support for this statement or reasoning in the record since MacKay had the opportunity to object and did object in the collateral state court proceeding. In fact, MacKay was cited for contempt of court for failure to produce the material requested in the Illinois circuit court. MacKay also objected to discovery at the bankruptcy proceeding.
 

 In denying modification of the protective order, the district court invoked the doctrine of federalism and abstained from deciding the case, citing
 
 Huffman v. Pursue, Ltd.,
 
 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). When a federal court determines a question of federal law that involves state law, federal courts traditionally abstain from reaching the federal question out of respect for the sovereignty of state courts until such time as the state court has had an opportunity to rule on the state law question.
 
 See Railroad Commission of Texas v. Pullman Co.,
 
 312 U.S. 496, 500, 61 S.Ct. 643, 645, 85 L.Ed. 971 (1941). The district court’s reliance on
 
 Huffman
 
 is misplaced because a determi
 
 *390
 
 nation of the merits of the Illinois Attorney General’s motion for a modification of the protective order does not require us to examine a question of state law: for a question of federal law only is presented.
 
 Huffman
 
 involved a suit by an Ohio pornographic theater operator whose theater was closed and assets seized in an Ohio forfeiture proceeding. The Supreme Court held that the theater owner could not challenge the constitutionality of the state forfeiture statute in a subsequent federal proceeding since the defenses he raised in the federal court could have been raised in the state court and thus allowing the federal suit to proceed would require the federal court to decide questions involving a matter of state law. Therefore, abstention was proper.
 

 Here, no question of state law is presented. Whether the bankruptcy court’s protective order should be modified is a matter of federal concern only. We disagree with the appellant’s assertion that we should abstain from deciding the merits of the Illinois Attorney General’s motion to modify the protective order since the appellants have failed to cite and nor have we found any authority to support that assertion. Therefore, we hold that the district court improperly abstained from deciding the federal question presented in the Illinois Attorney General’s motion to modify the Bankruptcy Court’s protective order.
 

 We reverse the order of the district court and direct that the Illinois Attorney General be allowed to obtain discovery of the relevant materials.