932 F.2d 975
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Marina M. SEARS, individually and as Personal Representative
of the Estate of Jeffrey Sears, deceased, Plaintiff-Appellee,
v.
NISSAN MOTOR COMPANY, LTD., Nissan Motor Corporation in
U.S.A., Defendants-Appellants,
and
Nissan Design International, Inc., Defendant.
 No. 90-2169.
 United States Court of Appeals, Tenth Circuit.
 May 16, 1991.
 
 Before STEPHEN H. ANDERSON, McWILLIAMS and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order of the district court which vacated a protective order issued by a magistrate judge in a discovery matter.
 
 
 3
 In response to plaintiff's discovery request, defendants sought and obtained a protective order from a magistrate judge which provided that all materials and documents were deemed "trade secrets" and prohibited disclosure to third parties. On appeal, the district court directed defendants in the underlying action to immediately produce any and all discoverable documents and materials. Further, the district court's order provided that the discovery materials "shall not be restricted from dissemination or from use, which may be deemed in the public interest and which may concern public health, safety, and welfare unless the court, after a hearing on the issue, determines otherwise." (Emphasis supplied.) The district court expressly found that the magistrate judge's protective order was against the public interest.
 
 
 4
 It appears that plaintiff sought a variety of information ranging from reports, required by law to be kept by defendants, to technical engineering data. Defendants argued that the evidentiary support for their claim of trade secrets was self-evident. Further, they offered the affidavit of a senior official stating that technical information of the type sought by plaintiff was confidential and proprietary and that the materials sought were competitively sensitive documents which, if generally disseminated to the public, might result in competitive disadvantage and harm to Nissan, Ltd.
 
 
 5
 This case presents two questions. First, is the order appealed from immediately reviewable? And second, did the defendants support their claim of trade secrets with the requisite level of showing, and, if they did, was the claim properly considered by the district court?
 
 
 6
 As a general rule, orders pertaining to discovery are interlocutory and not immediately appealable. Federal Trade Comm'n v. Alaska Land Leasing, Inc., 778 F.2d 577 (10th Cir.1985); United States v. Ryan, 402 U.S. 530 (1971). In limited circumstances, a district court's order may qualify as a final decision even though there has been no final adjudication on the merits. There is a well-established exception to the final judgment rule of 28 U.S.C. Sec. 1291. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). In Cohen, the Supreme Court held that a "small class" of decisions may be exempted from the final judgment rule. However, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. Further, the appeal may be only from orders affecting rights that will be irretrievably lost in the absence of an immediate appeal. Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 430-31 (1985).
 
 
 7
 Here, the district court's order conclusively determined a disputed question. Further, the issue is completely separate from the merits and involves an important issue. Finally, if it is ultimately determined that the dissemination of trade secrets issue is viable, defendants' claimed right to a protective order will be irretrievably lost if immediate review is unavailable. Under these circumstances, we believe that the order appealed from is sufficiently final to justify immediate appellate review. See American Tel. & Tel. Co. v. Grady, 594 F.2d 594 (7th Cir.1978), cert. denied, 440 U.S. 971, 979 (1979).
 
 
 8
 Generally speaking, Fed.R.Civ.P. 26 creates a presumption of openness for discovery matters. Tavoulareas v. Washington Post Co., 724 F.2d 1010, 1015 (D.C.Cir.1984). Pretrial discovery must take place in public unless there are compelling reasons otherwise. Meyer Goldberg, Inc. v. Fisher Foods, Inc., 823 F.2d 159, 162 (6th Cir.1987); In re Film Recovery Sys., Inc., 804 F.2d 386, 388 (7th Cir.1986). Further, it is well established that there is no absolute privilege for trade secrets or similar confidential information. Federal Open Market Comm. of Federal Reserve Sys. v. Merrill, 443 U.S. 340, 362 (1979) (quoting C. Wright and A. Miller, Federal Practice and Procedures, Sec. 2043 at 300). To resist disclosure under Rule 26(c)(7), a person must first establish that the information is a trade secret or other confidential research, development, or commercial information and then demonstrate that its disclosure might be harmful. If these requirements are met, the burden then shifts to the party seeking discovery to establish that disclosure of a trade secret or other confidential information is relevant and necessary to the action. Finally, the district court must balance the need for discovery of the trade secrets against the claim of injury resulting from disclosure. Centurion Indus., Inc. v. Warren Steurer & Assocs., 665 F.2d 323, 325 (10th Cir.1981).
 
 
 9
 It is within the sound of discretion of the trial court to decide whether trade secrets are relevant and whether the need outweighs the harm of disclosure. Whether disclosure may be required depends on the weighing of competing interests involved against the background of the total situation, including consideration of such factors as the dangers of abuse, good faith, adequacy of protective measures, and the availability of other means of proof. See C. Wright and A. Miller, Federal Practice and Procedure, Sec. 2043 at 302. In a case such as this, the district court must weigh or balance the various competing interests in determining whether bonafide trade secrets or confidential information should be protected from disclosure to other litigants or third parties. From the record, it appears that the showing made by defendants was sufficient to qualify the requested discovery material as trade secrets or other confidential information entitled to protection from compelled disclosure to third parties.
 
 
 10
 We conclude that the district court failed to balance or weigh the competing interests or to objectively view defendants' claim of injury that might result from disclosure and did not consider the factors of potential abuse, good faith, or the adequacy of protective measures. Further, the district court's finding that the magistrate judge's protective order was against the public interest is not supported by substantial evidence.
 
 
 11
 Accordingly, the order of the United States District Court for the District of New Mexico is VACATED, and the matter is REMANDED with instructions to reinstate the protective order of the magistrate judge.
 
 
 12
 This order is without prejudice to renewal of plaintiff's application for modification of the protective order to permit disclosure to third parties prior to the entry of final judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3