THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT E. YOUNG, Defendant (Mervin L. Wolfe, Contemnor-Appellant).

Fourth District   No. 4—04—0146

Argued September 23, 2004.—Opinion filed October 14, 2004.—Rehearing denied November 16, 2004.

Frederick E. Roth (argued), of Roth Law Firm, of Naperville, for appellant.

C. Steve Ferguson, State's Attorney, of Charleston (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE APPLETON delivered the opinion of the court:

On January 2, 2004, contemnor, attorney Mervin L. Wolfe, filed a motion to continue both a pretrial hearing set for January 5, 2004, and a jury trial set for the following day in which he was scheduled to represent his client, Robert E. Young. In his motion, Wolfe stated his doctor had taken him off work for at least three weeks. On January 5, 2004, the trial court granted the continuance conditioned on Wolfe filing with the court an explanation as to his absence and a medical report containing his diagnosis, prognosis, and treatment plan. Wolfe failed to do so. Thereafter, the court found Wolfe in indirect civil contempt and directed him to pay a $500 fine, $85 in attorney fees, and $115.68 in costs (the costs of witnesses appearing in court on January 5, 2004). Wolfe appeals, arguing (1) the physician-patient

privilege protects nonparty attorneys from being forced to provide medical-record information and (2) use by an attorney of his medical leave as a basis for a continuance does not waive his right to the physician-patient privilege. We affirm.

## I. BACKGROUND

In 2002, the State charged Young with predatory criminal sexual assault of a child and criminal sexual assault. On June 3, 2002, Wolfe entered his appearance. On August 1, 2002, Wolfe filed a petition for a fitness examination, and the trial court entered an order on September 16, 2002, finding Young unfit to stand trial. Young remained unfit until the court found him fit to stand trial on April 15, 2003.

After granting numerous continuances at Wolfe's request, the trial court scheduled a jury trial for January 6, 2004. On January 2, 2004, Wolfe faxed to the court a motion to continue the pretrial hearing scheduled for January 5 and the jury trial scheduled for January 6, stating that his doctor had taken him off work for at least three weeks. Wolfe also faxed a letter from his physician, stating essentially that Wolfe was tired and should not work for three weeks. On January 5, 2004, the court called the case for hearing, and Wolfe did not appear. The court granted Wolfe's motion to continue—over the State's objection—but directed Wolfe to file a detailed report within seven days setting forth his diagnosis, prognosis, and treatment plan and further ordered that Wolfe's physician make herself available to speak with the court regarding Wolfe's condition.

At a January 12, 2004, hearing, the trial court replaced Wolfe as Young's counsel and stated that an additional report submitted by Wolfe's wife with regard to his unavailability was "insufficient to provide the details that the [c]ourt did ask for." On January 20, 2004, the State filed a petition requesting that a rule to show cause issue as to why Wolfe should not be held in indirect civil contempt for failure to comply with the court's January 5 order, and on January 26, 2004, the rule was issued.

On February 6, 2004, Wolfe, through counsel, filed a memorandum of law, in which he raised for the first time the physician-patient privilege argument he now makes on appeal. On that date, the trial court held a hearing on the rule to show cause, at which Wolfe was not present but was represented by counsel. At this hearing, Wolfe argued that the court's conditional continuance violated his physician-patient privilege. The court rejected that argument and found Wolfe in wilful contempt. The court ordered Wolfe to pay $500, $85 in attorney fees, and $115.68 in court costs.

This appeal followed.

## II. ANALYSIS

Wolfe argues (1) the physician-patient privilege protects nonparty attorneys from being forced to provide medical-record information and (2) use by an attorney of his medical leave as a basis for a continuance does not waive his right to the physician-patient privilege. Specifically, Wolfe argues that no exceptions to the physician-patient privilege apply to him and that the policy of privacy in medical records requires reversal of the trial court's contempt finding. He claims that affirming the trial court would force all "nonparty" attorneys who seek continuances for medical reasons to provide detailed confirmation.

### A. Wolfe's Contempt

■ "Courts have the inherent power to enforce their orders by way of contempt." *In re G.B.*, 88 Ill. 2d 36, 41, 430 N.E.2d 1096, 1098 (1981). That power authorizes a trial court to punish conduct that is calculated to impede, embarrass, or obstruct the court in its administration of justice or derogate from the court's authority or dignity or to bring the administration of law into disrepute. *People v. Ernest*, 141 Ill. 2d 412, 421, 566 N.E.2d 231, 235 (1990). A court order made within the proper exercise of jurisdiction, no matter how erroneous, must be obeyed until the order is modified or set aside by the trial court or reversed on appeal. *Ernest*, 141 Ill. 2d at 424, 566 N.E.2d at 236. Showing that a court order was merely erroneous is no defense to a contempt citation for disobedience of that order, and a finding of contempt will be vacated only where the court's order is void *ab initio*. *People ex rel. Burris v. Maraviglia*, 264 Ill. App. 3d 392, 400, 636 N.E.2d 717, 724 (1993). A contempt determination will not be disturbed unless the trial court abused its discretion. *Maraviglia*, 264 Ill. App. 3d at 400, 636 N.E.2d at 724. An appeal from a contempt order requires the reviewing court to examine the propriety of the underlying order that ultimately led to the finding of contempt. *Maraviglia*, 264 Ill. App. 3d at 400, 636 N.E.2d at 724.

■ We must therefore review the propriety of the trial court's order conditionally granting a continuance. Section 114—4 of the Code of Criminal Procedure of 1963 (725 ILCS 5/114—4 (West 2002)) provides as follows:

"(a) The defendant or the State may move for a continuance. If the motion is made more than 30 days after arraignment[,] the court shall require that it be in writing and supported by affidavit.

(b) A written motion for continuance made by [the] defendant more than 30 days after arraignment may be granted when:

(1) Counsel for the defendant is ill, has died, or is held to trial in another cause[.] ***

* * *

(e) All motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant."

"A reviewing court will not interfere with the exercise of the trial court's discretion unless there has been a manifest abuse of discretion or a palpable injustice apparent on the record." *Sinram v. Nolan,* 227 Ill. App. 3d 241, 243, 591 N.E.2d 128, 129 (1992).

Wolfe argues the trial court granted the continuance outright without any condition and that the January 5, 2004, docket entry simply says that the court granted the motion to continue. However, the docket entry also says the "court orders [Wolfe] to file [within seven days] an explanation of his absence and his condition including a note from his doctor with the diagnosis, prognosis, and any treatment ordered by the physician." While the docket entry reflects that the court held a hearing January 5 in the presence of a court reporter, Wolfe has included no transcript of that hearing in the record on appeal. At the February 6, 2004, hearing, Judge Shick stated in reference to his ruling on the motion to continue: "I granted [Wolfe's] motion[,] *** but I granted it conditioned—conditioned upon [Wolfe's] filing a detailed report setting forth diagnosis, prognosis, treatment plan[,] and when [Wolfe] could participate either by phone or in person with any kind of conference call, hearing, [or] jury trial." Similarly, at the February 12, 2004, hearing, Judge Shick stated "there was a motion to continue granted under condition upon [Wolfe] filing a report." Here, in view of the record provided, we conclude the judge granted a conditional continuance, and the question becomes whether the trial court abused its discretion in doing so.

■ Here, the trial court was faced with speedy trial issues in a case that had been pending nearly a year since Young was found fit to stand trial and numerous continuances had been obtained by Wolfe. Several days before trial, Wolfe filed a motion to continue, unsupported by an affidavit, stating that his doctor had taken him off work for three weeks. The court granted Wolfe a continuance conditioned on his furnishing a report detailing his diagnosis, prognosis, and treatment plan. At that point, the court could simply have denied Wolfe's motion and ordered him to be present for trial. Instead, the court granted him the continuance but required some factual proof, which was not unreasonable given Wolfe's repeated continuances throughout the course of the case.

A trial court can inquire into the sufficiency of the evidence in support of a motion to continue and deny the motion on that basis. See *Needy v. Sparks,* 51 Ill. App. 3d 350, 357-59, 366 N.E.2d 327, 337-39 (1977). In *Needy,* 51 Ill. App. 3d at 357-58, 366 N.E.2d at 337,

the defendant argued the trial court erred in failing to grant him a continuance based on his physical incapacity. The defendant first presented his motion without a supporting affidavit and subsequently filed his motion with an affidavit from his physician stating he should not participate in a trial for one month. *Needy*, 51 Ill. App. 3d at 358-59, 366 N.E.2d at 337. The trial court denied the motion, stating the affidavit was not factual and failed to state any basis for the physician's conclusion. The First District Appellate Court found no error. *Needy*, 51 Ill. App. 3d at 359, 366 N.E.2d at 337; *cf. Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 497, 782 N.E.2d 212, 216 (2002) (dismissing appeal for lack of required affidavit).

Likewise, the trial court in the instant case could properly have denied Wolfe's motion from the outset, but it instead gave Wolfe a chance to provide evidence of his medical condition even though it was not required to do so. It also had the right to determine whether the evidence given in support of the continuance was sufficient. Given the history of the case, the court's grant of a conditional continuance constituted neither a manifest abuse of discretion nor a palpable injustice.

Because the trial court's conditional continuance was proper, Wolfe had a duty to comply with the court's direction even if he did not agree with it or thought it erroneous, and his failure to do so placed him in contempt. If Wolfe believed the court had requested privileged information, he should have raised that issue with the trial court within the seven days he was given to comply, not nearly a month after his contempt was complete and continuing.

### B. Physician-Patient Privilege

■ Because Wolfe violated a valid order of the trial court before asserting the physician-patient privilege, we need not reach his physician-patient privilege argument. Nevertheless, we briefly address Wolfe's claim that the physician-patient privilege protected him as a "nonparty" from being forced to turn over the information the court requested. Contrary to Wolfe's argument, the important fact here is not the nature of the information requested by the trial court but the situation in which the court requested it.

Wolfe frames the issue as one where the trial court attempted to compel him to turn over medical information in the sense that a party would be forced to do so in discovery and cites *In re D.H.*, 319 Ill. App. 3d 771, 775, 746 N.E.2d 274, 278 (2001), holding the medical records of nonparties are not discoverable. The situation here, however, was not one of discovery but one where Wolfe sought a continuance based on his medical condition. He was compelled to turn over the informa-

tion only in the sense that, if he wanted a continuance, he had to provide the information; otherwise, he had to try Young's case. Wolfe, however, wanted both the continuance and—later—to prevent the judge from seeing his medical records. Because Wolfe had two options, one of which did not implicate the physician-patient privilege, the privilege does not apply.

## C. Wolfe's Reply Brief

■ ■ Wolfe argues for the first time in his reply brief that the contempt order is moot because the case involving defendant Young is now complete. Rule 341(g) states that "[t]he reply brief *** shall be confined strictly to replying to arguments presented in the brief of the appellee." 210 Ill. 2d R. 341(g). Here, the State as appellee did not raise mootness in its brief. Accordingly, the issue is not properly before this court.

In his reply brief, Wolfe also references the fact that defendant Young has been tried since this appeal was taken and has attached a summary of the case as an exhibit. He also states that Wolfe has filed for bankruptcy and has attached documentation as an exhibit. This evidence is not part of the original record on appeal, and Wolfe has filed no motion to supplement the record. Accordingly, this evidence is not properly before this court, and we need not consider it (134 Ill. 2d R. 329).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

STEIGMANN and MYERSCOUGH, JJ., concur.